PER CURIAM.
An action filed by the appellants against Indian Creek Village and its councilmen claimed invalidity of an amendment to the charter of the municipality whereby nonresident property owners were included as persons entitled to register and vote in general or special elections of the municipality. The trial court entered judgment upholding the amendment, and the plaintiffs appealed.
The judgment included the following:
“Ordered and Adjudged that the charter amendment submitted to the electorate of Indian Creek Village on March 30, 1973, is valid and constitutional. A city charter may permit non-resident property owners to participate in city elections. 29 C.J.S. Elections § 19d; Hisgen v. Rileigh, Fla.App.1959, 115 So.2d 715. Recent federal decisions, following Kramer v. Union Free School District No. 15, 1969, 395 U.S. 621, 89 S.Ct. 1886, 23 L.Ed. 583, have held it unlawful to restrict elections solely to property owners. However, there is no reason from anything held or said in these decisions to conclude that it would be unlawful to expand the franchise to include property owners. This decision has been made by the residents of the Village in an election restricted to residents. This charter amendment recognizes the stake that property owners have in Village government and gives them a right to participate.
“Under the Dade County Home Rule Amendment to the Florida Constitution, Article VIII, § 6(e) [F.S.A.] the method provided by the Dade County Home Rule Charter, § 5.03, is the only way in which a city charter can be amended in Dade County. Indian Creek Village followed that procedure in submitting this amendment to its electorate. Plaintiffs have shown no reason why it should be declared invalid.”
We have considered the contentions of the appellants presented on the appeal and conclude that no reversible error has been shown. In our view the trial court properly decided the case on the applicable law, *399 and we find no need to enlarge thereon. Hisgen v. Rileigh, Fla.App.1959, 115 So.2d 715, cited and relied on by the trial court supports the judgment.
Affirmed.