QUESTION: Does s. 100.361, F. S., amend the provisions of the city charter of the City of Opa-Locka relating to the recall of the members of the municipal governing body and establish both the substantive and procedural steps required to effect the recall of a member of the governing body?
SUMMARY: Since there is a constitutional provision prohibiting the Legislature from amending or repealing the charter of any municipality in Dade County, s. 100.361, F. S., does not have the effect of amending or repealing any charter provision of the City of Opa-Locka or any other Dade County municipality. Chapter 74-130, Laws of Florida — now codified as s. 100.361, F. S. — authorizes and provides procedures for the recall of members of the governing body of a municipality, and s. 100.361(10) states: It is the intent of the legislature that the recall procedures provided in this act shall be uniform statewide. Therefore, all municipal charter and special law provisions which are contrary to the provisions of this act are hereby repealed to the extent of this conflict. (Emphasis supplied.) However, s. 11(1)(g), Art. VIII, State Const. 1885, the full force and effect of which is preserved by s. 6(e), Art. VIII of our present State Constitution, provides, inter alia: (1) The electors of Dade County, Florida, are granted power to adopt, revise, and amend from time to time a home rule charter of government for Dade County, Florida, under which the Board of County Commissioners of Dade County shall be the governing body. This charter: * * * * * (g) Shall provide a method by which each municipal corporation in Dade County shall have the power to make, amend or repeal its own charter. Upon adoption of this home rule charter by the electors this method shall be exclusive and the Legislature shall have no power to amend or repeal the charter of any municipal corporation in Dade County. (Emphasis supplied.) In AGO 073-440, which dealt with whether a provision of the Municipal Home Rule Powers Act had the effect of amending the charter provisions of a municipality in Dade County, the effect of the abovequoted constitutional provision was stated as follows: This is a constitutional provision and, of course, takes precedence over a general law. In an addendum to AGO 071- 42, dated March 24, 1971, I held that the charters of the several municipalities situated in Dade County could only be modified in the manner set forth in the Dade County Home Rule Charter. . . . Under the State Constitution, the legislature cannot make laws effecting charter amendments in Dade County's municipalities . . . . The conclusion in AGO 073-440 is equally applicable here. Accordingly, I am of the opinion that s.100.361, F. S., does not have the effect of amending or repealing any charter provision of the City of Opa-Locka or any other municipality in Dade County. Cf. Andrews v. Linden, 284 So.2d 398
(3 D.C.A. Fla., 1973). The statute may, however, confer additional powers on a Dade County municipality, see City of Miami Beach v. Forte Towers, Inc., 305 So.2d 764 (Fla. 1974), so long as it does not conflict with the charter.